## 33081. COBB v. THE STATE.

GARDNER, J. On an indictment charging the defendant and his wife with murder the wife was acquitted and the defendant convicted of voluntary manslaughter. He filed his motion for a new trial on the general

grounds only. The motion was overruled. Error is assigned on that judgment here.

The deceased was a brother of the defendant. The homicide occurred at the home of a neighbor. The defendant, the deceased and others who were at the scene of the crime, which happened about midafternoon, had been heavily drinking since early morning. The defendant and his deceased brother engaged in an argument concerning something about tobacco. First one word and then another transpired, and the difficulty between them progressed to the stage where each of them drew his knife. There was little difference in the size of the two men or apparently their physical condition. The deceased put his knife aside and attempted to take the knife from his brother, the defendant. In the melee they fell, or the deceased knocked the defendant down across a pile of cigarette tobacco. While endeavoring to take the knife from the defendant, the deceased was on top of the defendant. The wife of the defendant approached with a hammer and asked the deceased to get off of her husband and leave him alone. The deceased replied that he would when he took the knife away from him, whereupon the wife of the defendant struck the deceased two blows on the head. As a result, the deceased released his hold on the defendant. They both got up and they were separated. When the deceased got up it was observed that he had a knife wound in his chest and upon breathing the blood would gush from his body. He was cut slightly in several other places. The defendant seems to have gone on a rampage after that, endeavoring to cut other people and to finish off with his brother. The deceased was taken to the hospital and died the following afternoon.

While the evidence in some respects was conflicting, the jury were authorized to believe the evidence as above set forth. In acquitting the wife of the defendant, the jury no doubt came to the conclusion that the blow struck by the wife of the defendant did not produce his death, as counsel for the defendant contends might have caused the death of the deceased. The evidence abundantly supports the verdict. It has the approval of the trial judge. The judgment overruling the motion for a new trial is therefore affirmed.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*

Decided June 6, 1950.

*H. H. Elders*, for plaintiff in error.
*Donald H. Fraser, Solicitor-General, M. W. Eason*, contra.